UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 15, 2016

MEMORANDUM TO COUNSEL RE:     Robert C. Fish, et al. v. Air & Liquid
Systems Corporation, et al.
Civil Action No. GLR-16-496

Dear Counsel:

Pending before the Court is Defendant's, Wayne Manufacturing Corporation ("Wayne"), unopposed Motion to Dismiss or, alternatively, Motion for Summary Judgment (ECF No. 105). The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will grant the Motion.

On January 6, 2016, Plaintiffs Robert C. Fish and Helen Thomas-Fish commenced this lawsuit against Wayne, as well as many others, alleging injuries sustained as a result of Mr. Fish's purported exposure to asbestos-containing products at New York Shipbuilding and Drydock in the early nineteen sixties.[1] (ECF No. 2). Plaintiffs also allege Mr. Fish was exposed to asbestos-containing products when working with and around cars and automotive parts in the nineteen sixties and seventies. (Id.) On February 22, 2016, Defendant Crane Co. removed the lawsuit to this Court. (ECF No. 1). On February 29, 2016, Wayne filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Motion for Summary Judgment under Rule 56 (ECF No. 105); it is unopposed.

Wayne's Motion implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462 (4th Cir. 2012). Pursuant to Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Because the Court can resolve the Motion without considering Wayne's extra-pleading material, the Court will construe the Motion as a Rule 12(b)(6) motion to dismiss.

---

[1] Plaintiffs allege negligence (Count I), strict products liability (Count II), breach of warranty (Count III), aiding and abetting and conspiracy (Count IV), willful and wanton conduct (Count V), and loss of consortium (Count VI). (ECF No. 4).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)).  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 555 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element.  Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Plaintiffs list Wayne in the caption to their Amended Complaint, but the body of their Amended Complaint is wholly devoid of any allegations against Wayne.  (See ECF No. 4).  Consequently, Plaintiffs fail to state a plausible claim against Wayne because they do not plead "factual content that allows the [C]ourt to draw the reasonable inference that [Wayne] is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 555 U.S. at 556); see Weller v. Dep't of Soc. Servs. for City of Balt., 901 F.2d 387, 397 (4th Cir. 1990) (affirming dismissal for failure to state a claim as to two defendants because there were no allegations against them).  Accordingly, the Court will grant Wayne's Motion.

For the foregoing reasons, Wayne's unopposed Motion to Dismiss or, alternatively, Motion for Summary Judgment (ECF No. 105) is GRANTED.  Plaintiffs' Amended Complaint (ECF No. 4) is DISMISSED WITH PREJUDICE as to Wayne.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and terminate Wayne from this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge